**Inocencio Valentin VIVAR–SALGADO; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73364.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

Inocencio Valentin Vivar–Salgado, Madera, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Inocencio Vivar–Salgado, his wife Maria Hernandez–Martinez, and their sons Carlos and Jesus Vivar–Hernandez petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of their applications for suspension of deportation. This petition is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We grant the petition.

We agree with petitioners that the IJ used an improper evidentiary standard by requiring corroborating documentation regarding physical presence. *See Vera–Villegas v. INS,* 330 F.3d 1222, 1225 (9th Cir.2003) ("[T]he time element of an alien's residency, like all other elements in immigration hearings, may be shown by credible direct testimony or written declarations."). Vivar–Salgado and Hernandez–Martinez testified that they and their sons had resided in the United States continuously for over seven years prior to the issuance of their Orders to Show Cause, *see* 8 U.S.C. § 1254(a)(1) (repealed), and the IJ did not make an explicit adverse credibility finding. Accordingly, the IJ erred in concluding that petitioners failed to establish seven years of continuous physical presence in the United States merely based on their failure to provide additional "independent documentation."

The government contends that this court lacks jurisdiction to review an IJ's "extreme hardship" determination. *See id.* at 1152. We do not construe the IJ's decision, however, as making a determination regarding extreme hardship. Similarly, we do not find the IJ's discussion of Vivar–Salgado's moral character an adequately developed alternative basis for the denial of his application for suspension of deportation. *See Stoyanov v. INS,* 172 F.3d 731, 735–36 (9th Cir.1999). Accordingly, we grant the petition for review.

We grant petitioners' motion to file a supplemental brief. The Clerk shall file the supplemental brief and excerpts of record received on March 11, 2004.

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

